IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| **Cinnamon Applegate Epley** ) | |
| ) | Case No. 21-31797 |
| Debtor. ) | |
| ) | |

**MOTION FOR AN ORDER AUTHORIZING AND DIRECTING
ORAL EXAMINATION OF DEBTOR PURSUANT TO FEDERAL RULE OF
<u>BANKRUPTCY PROCEDURE 2004</u>**

**14-DAY NEGATIVE NOTICE – LBR 2014**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this adversary case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>*WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE*</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE JUDGE OF SAID COURT:

Nationwide Judgment Recovery, Inc. ("**Nationwide**" or "**Movant**"), by and through counsel, hereby requests that the Court enter an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") permitting the examination of the Cinnamon Epley (the "**Debtor**") and, in support thereof, respectfully submits as follows:

**<u>JURISDICTION</u>**

1. This Motion is a core proceeding pursuant to 28 U.S.C. § 157, and this Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. § 1334. Venue in this district is proper. The statutory predicate for relief sought is Federal Rule of Bankruptcy Procedure 2004.

## BACKGROUND

2. On October 1, 2021 (the "**Petition Date**"), Cinnamon Epley ("**Epley**" or "**Debtor**") initiated the above-captioned case under Chapter 13 of the Bankruptcy Code. (*See* ECF No. 1).

3. On December 10, 2021, Debtor filed her *Notice of Voluntary Conversion to Chapter 7* (ECF No. 24). The case was subsequently converted to Chapter 7. (*See* ECF No. 26).

4. Nationwide holds an unsecured claim against the Debtor in a minimum amount of $65,705.51, resulting from a judgment entered against Debtor in *Bell v. Disner*, Case No. 3:14-cv-19, dated August 14, 2017, in the District Court for the Western District of North Carolina (the "**District Court Action**").

5. The District Court Action and the judgment entered therein, results from the Securities and Exchange Commission's investigation and subsequent shutting down of a Ponzi and pyramid scheme operated by Rex Venture Group d/b/a/ www.ZeekRewards.com in which more than 700,000 participants lost over $700 million dollars. *See Securities and Exchange Commission v. Rex Venture Group, LLC, d/b/a ZeekRewards.com and Paul Burks*, Civil Action No. 3:12-cv-519, District Court of the Western District of North Carolina (the "**ZeekRewards Case**").

6. The court in the ZeekRewards case appointed Kenneth Bell as the receiver (the "**Receiver**") to, among other things, initiate legal proceedings seeking the avoidance of fraudulent transfers and the disgorgement of profits from individuals (like the Debtor) that

participated in and profited from the scheme. Matthew Orso later succeeded Kenneth Bell as Receiver for the estate.

7. According to the records of Rex Venture Group, Debtor participated in the Ponzi scheme by, among other things, creating and operating an account in the ZeekRewards scheme and recruiting at least one other individual. Through this account, Debtor "invested" a total of approximately $4,767.75 in ZeekRewards and received "commission" payments in the total amount of approximately $53,693.97.

8. As a result of these profits, the Receiver initiated the District Court Action against Debtor, among many others (*i.e.*, the Net Winner Class Members), seeking to clawback the Debtor's winnings for the benefit of those individuals that were injured as a result of the ZeekRewards scheme.

9. Ultimately, on August 14, 2017, the District Court entered a Final Judgment against Debtor in the amount of $65,705.51 (comprised of both net winnings and prejudgment interest), with post-judgment interest accruing at the rate specified under 28 U.S.C. § 1961. Nationwide is the assignee of this Final Judgment.

10. Nationwide wishes to question the Debtor regarding the extent of her involvement in the ZeekRewards scheme and her receipt winnings from the same.

**RELIEF REQUESTED**

11. By this Motion, Movant respectfully requests that the Court enter an order pursuant to Rule 2004 of the Bankruptcy Rules, in a form of the proposed order attached hereto as **Exhibit A**, authorizing Movant to conduct an oral examination of the Debtor relating to (a) the assets and liabilities reflected on the Debtor's schedules and statement of financial affairs as currently filed; (b) any and all facts relating to the Debtor's involvement with Rex Ventures

Group d/b/a/ ZeekRewards; (c) any and all facts relating to the Debtor's receipt of funds from or through Rex Ventures Group and/or the ZeekRewards scheme; and (d) any other matters concerning the administration of Debtor's estate.  Additionally, Movants requests that the Debtor be required to bring to the examination the following documents listed in **Exhibit B**, attached hereto.

12. Movant requests that the Court order Debtor to appear on March 30, 2022, at 10 A.M. for an oral examination which, due to the current COVID-19 pandemic, will to be conducted remotely through video application via a remote deposition platform, or at such other time and location as agreed by the parties.

13. Nationwide has conferred with Debtor's counsel regarding Debtor's availability for an examination under Bankruptcy Rule 2004.  Debtor's counsel has yet to substantively respond to Nationwide's request.  Consequently, Nationwide files this motion due to its concern that Debtor will not be available for examination prior to the March 14, 2022 deadline to file a discharge complaint or that Debtor will not willingly make herself available for such an examination.  Nationwide's certificate of conference, as required under Local Bankruptcy Rule 2004-1(a), is attached hereto.

14. Given its concerns regarding expiration of the deadline to file a dischargeability complaint, Nationwide also files, contemporaneously herewith, its *Motion to Extend the Time Within Which to File a Complaint Objecting to the Dischargeability of Certain Debt Pursuant to 11 U.S.C. § 523*.

## BASIS FOR RELIEF REQUESTED

15. Rule 2004 provides, in pertinent part, that upon the motion of any party in interest, "the court may order the examination of any entity."  The scope of the examination is

far reaching. Pursuant to Rule 2004(b), the examination "may relate . . . to the acts, conduct or property . . . of the debtor, or to any matter which may affect the administration of the debtor's estates . . . ." The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *See Cameron v. United States*, 231 U.S. 710, 717 (1914).

16. "Rule 2004 permits the broadest kind of deposition." *In re Stewart*, No. 5:95-CV-235-4, 1995 U.S. Dist. LEXIS 22333, at *4 (Bankr. M.D. Ga. June 7, 1995) (internal cites omitted).

> The scope of a Rule 2004 examination is broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. "The exploration can be in the nature of a fishing expedition. The examination may be exploratory and groping and may be as searching as appears proper." The request for discovery concerning debtor's assets and financial affairs may including examination of the debtor and/or third parties.

*In Re Hentz*, 2012 WL 2263121, at *2 (Bankr. N.D. June 18, 2012) (internal quotations and citations omitted).

17. The scope of the examination also includes review of "any matter which may affect . . . the debtor's right to a discharge." *In re Stewart*, 1995 U.S. Dist. LEXIS 22333, at *4 (internal citations omitted).

18. Nationwide's examination of the Debtor will explore, among other things, Debtor's knowledge and involvement regarding ZeekRewards, her receipt of funds from the same, and any other activities of the Debtor in connection therewith.

19. This Court has authority to grant the relief requested under Rule 2004 on an *ex parte* basis. *See* Advisory Committee note to Bankruptcy Rule 2004 ("The motion may be heard *ex parte* or it may be heard on notice").

20.     Applying the foregoing principles, Nationwide is entitled to a Rule 2004 examination of the Debtor.

## CONCLUSION

For these reasons, Nationwide respectfully requests that the Court enter an order requiring Debtor to appear on **March 30, 2022 at 10 A.M.** for oral examination by deposition, to provide the documentation as requested on Exhibit B attached hereto, and such other and further relief as is just under the circumstances.

Respectfully submitted this 2nd day of March, 2022.

Respectfully submitted,

 //s// Keith Wier
Keith Wier, SBN: 21436100
MAURICE WUTSCHER LLP
5851 Legacy Circle, Suite 600
Plano, TX 75024
Telephone: 469-375-6792
Email: kwier@mauricewutscher.com

Local Counsel

Nathaniel T. DeLoatch (admitted *pro hac vice*)
Troutman Pepper Hamilton Sanders LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
404-885-2699
Nathan.deloatch@troutman.com

*Attorneys for Nationwide Judgment Recovery, Inc.*

**Certification Pursuant to Local Bankruptcy Rule 2004-1(a)**

  I, Nathaniel T. DeLoatch, in accordance with the requirements of Bankruptcy Local Rule 2004-1(a), do hereby certify that a conference between Nationwide and Debtor for the purposes of consensually resolving the substance of this Motion occurred via email communications initiated by Nationwide on or around February 10, 2022. However, the parties were unable to reach a timely, consensual resolution and Motion has been opposed.

Dated: March 2, 2022

                    /s/ Nathaniel T. DeLoatch
                    Nathaniel T. DeLoatch (admitted *pro hac vice*)
                    Troutman Pepper Hamilton Sanders LLP
                    GA Bar No. 216330
                    600 Peachtree St., NE, Suite 3000
                    Atlanta, GA 30308
                    404-885-2699
                    Nathan.deloatch@troutman.com

                    *Attorney for Nationwide Judgment Recovery, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2022, I caused the forgoing paper to be filed via the Court's CM/ECF system, which will cause copies to be served on the following registered users:

>Daniel Herrin
>Herrin Law, PLLC
>4925 Greenville Avenue Suite 455
>Dallas, TX 75206
>(469) 607-8551
>Fax : (214) 722-0271
>Email: ecf@herrinlaw.com
>*Counsel for Debtor*
>
>Areya Holder
>Law Office of Areya Holder, P.C.
>901 Main Street, Suite 5320
>Dallas, TX 75202
>(972) 438-8800
>*Chapter 7 Trustee*
>
>United States Trustee
>1100 Commerce Street
>Room 976
>Dallas, TX 75202
>214-767-8967
>*United States Trustee*

I further certify that, on the same day, I caused a true and a correct copy to be served via first-class mail, postage prepaid, to the following:

>Cinnamon Applegate Epley
>3700 Mapleshade Ln.
>Apt. 1121
>Plano, TX 75075
>*Debtor*

>>*/s/ Keith Wier*
>>Keith Wier, SBN: 21436100
>>Local Counsel

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS)

----------------------------------------

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| **Cinnamon Applegate Epley** ) | |
| ) | Case No. 21-31797 |
| **Debtor.** ) | |
| ) | |

**ORDER GRANTING MOTION FOR AN ORDER AUTHORIZING AND DIRECTING
ORAL EXAMINATION OF DEBTOR PURSUANT TO FEDERAL RULE OF
<u>BANKRUPTCY PROCEDURE 2004</u>**

This matter is before the Court on Nationwide Judgement Recovery, Inc.'s *Motion For An Order Authorizing And Directing Oral Examination Of Debtor Pursuant To Federal Rule Of Bankruptcy Procedure 2004*. Upon consideration of the motion and for good cause shown, it is hereby GRANTED.

The Court hereby ORDERS that the Debtor to appear on **March 30, 2022 at 10 A.M**, for an oral examination which, due to the current COVID-19 pandemic, will to be conducted

remotely through video application via a remote deposition platform, or at such other time and location as the parties may agree.

The Court hereby FURTHER ORDERS that the Debtor bring to the examination the documents listed in **Exhibit B** to the Motion.

###END OF ORDER###

Order Proposed By:

//s//Keith Wier
Keith Wier, SBN: 21436100
MAURICE WUTSCHER LLP
5851 Legacy Circle Suite 600
Plano, TX 75024
Telephone: (469) 375-6792
Email: kwier@mauricewutscher.com
Local Counsel

Nathaniel T. DeLoatch (admitted *pro hac vice*)
Troutman Pepper Hamilton Sanders LLP
600 Peachtree St., NE, Suite 3000
Atlanta, GA 30308
404-885-2699
Nathan.deloatch@troutman.com

*Attorneys for Nationwide Judgment Recovery, Inc.*

## **EXHIBIT B**

**You are requested to produce any and all documents in your possession, custody or control that in any manner relate to the topics listed below:**

1. Tax returns for Epley Cinnamon ("**Debtor**") from January 1, 2011, through January 1, 2014;

2. All documents and correspondence related to Rex Venture Group and/or ZeekRewards received by Debtor through January 1, 2011 to January 1, 2014.

3. All documents and correspondence related to Rex Venture Group and/or ZeekRewards sent by Debtor through January 1, 2011 to January 1, 2014.

4. All bank statements of any account into which monies derived from Rex Venture Group and/or ZeekRewards were deposited from January 1, 2011, through January 5, 2014;

5. All accountings of all distributions and/or other payments made by Rex Venture Group and/or ZeekRewards to Debtor;  and

6. All communications by and between the Debtor and Rex Venture Group and/or ZeekRewards from January 1, 2011, through January 5, 2014.